## Case No. 5,006.

### In re FOX.

## Case No. 5,007.

### In re FOX et al.

[8 Chi. Leg. News, 313.]

Circuit Court, N. D. Illinois. June 19, 1876.[1]

DAVIS, Circuit Justice, said this case presented no difficulty for him when it was first heard, but he had since then turned the matter over in his mind a good deal, and the first impressions he had about it had been confirmed. The only point that was argued and that he had considered at all, was whether there was such a question growing out of the exercise by the district court of its summary jurisdiction, as ought to be reviewed by the supreme court. He had come to the conclusion when he had heard the case, and reflection had convinced him that he was right, that the case ought to go to the supreme court for its opinion. He did not want to express any opinion as to whether the district court had jurisdiction in this case or not. It all turned on this point in his opinion. Nor had he read the evidence with a view to ascertaining anything in relation to the merits of the transaction. A good deal could be said on both sides of that question. It was one of great importance, and he knew of no decision in this country, either by the district court or by the United States circuit court, that exactly met it. In his own opinion there were grave doubts whether the district court had summary jurisdiction of this matter; and, although, as he had stated before, he had no fixed opinion upon that question, yet he thought it was right to the party, under the rules applicable to all courts granting a writ of supersedeas, to be allowed to take the case to the supreme court. He did not wish to go on and give his opinion at all. Although he had a strong opinion as the case exists now, he did not wish to give any at all upon the question, reserving himself free, when the case shall be argued in the supreme court, in order to pass upon it. It was very certain that the question was one that ought to be passed upon by the supreme court. If the supreme court was of opinion that the district court had summary jurisdiction in this matter, the case, of course, would be dismissed. If, in the judgment of the supreme court, the district court had not the summary jurisdiction which was invoked, then the case might be retained there, and could be disposed of at that time. Had there not been so much feeling on this subject he would have had no doubt that this was a proper case to take to the supreme court. He did not believe it was the intention of congress to give the district court exclusive jurisdiction in anything. It was neither his duty nor pleasure to pass upon any questions passed upon by the circuit or district courts except what had been brought up here to be determined now. If there was any question about this case at all, with reference to the court granting a supersedeas, there was no question that when Mr. Cooper, on behalf of Crane & Hodgkins, made an application for a writ of replevin, he was guilty of a gross contempt of court. The question as to whether these parties have been in contempt or not was for the district and circuit courts to determine.

Thereupon Justice Davis directed the clerk, Bradley, to draw up the supersedeas. in order that he could sign it. Considerable side discussion ensued between Mr. Cooper, Mr. Ayers, and Justice Davis regarding the matter. Justice Davis said that inasmuch as the property had been replevied from Conro & Carkin, contracts made, and the season pretty well advanced, he was of the opinion that it would be about the proper thing

---

1 [Reversed in 94 U. S. 441.]